**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

March 8, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**John L.,**
**Respondent Below, Petitioner**

**vs.)  No. 11-0908** (Mineral County 11-DV-29)

**Catherine L.,**
**Petitioner Below, Respondent**

**MEMORANDUM DECISION**

Petitioner John L.,[1] by Joseph B. Cordell, his attorney, appeals the order of the Circuit Court of Mineral County, entered May 9, 2011, denying his appeal of a ninety day domestic violence protective order entered by the Family Court of Mineral County that, by its own terms, expired at midnight on July 11, 2011. Respondent Catherine L. filed no response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented in the parties' written briefs and the record on appeal, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds petitioner's appeal to be moot. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The Magistrate Court of Mineral County entered an emergency protective order in respondent's favor[2] and set the matter for a final hearing before the Family Court of Mineral County for the following day, April 12, 2011. In her petition, respondent stated the following:

> [Petitioner] accused me of cheating on him and began yelling at me. I walked away and went to take a shower[,] and he followed me continuing to yell and calling me a whore. He pushed me in the shower and tore down the shower curtain and hit me in the nose with

---

[1] "We follow our past practice in . . . cases which involve sensitive facts and do not utilize the last names of the parties." *State ex rel. West Virginia Dept. of Human Services v. Cheryl M.*, 177 W.Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987).

[2] The magistrate court ordered, inter alia, that petitioner was not to come "within 200 feet" of respondent.

-1-

the curtain rod. [Petitioner] told me when we went to bed that night I wouldn't be getting up in the morning because he was going to kill me. I ran off to the bedroom and got dressed [and] then went outside to call the police.

At the April 12, 2011 hearing before the family court, respondent appeared in person and by counsel and petitioner appeared in person, *pro se*.[3] Petitioner indicated that he had no objection to a domestic violence protective order ("DVPO") being entered with regard to respondent but stated that he would like to have visitation with his children. Respondent agreed that petitioner should have visitation with the children.

In the DVPO, the family court awarded temporary custody to respondent and ordered that petitioner could exercise visitation with the parties' children every other weekend from Friday at 6:00 p.m. to Sunday at 6:00 p.m. beginning on April 15, 2011,[4] with petitioner's mother picking up and dropping off the children at respondent's residence.[5] With regard to respondent, the family court awarded her the DVPO for ninety days "until midnight on the day of July 11, 2011."[6]

Subsequently, petitioner retained an attorney and appealed the DVPO to the Circuit Court of Mineral County making various due process arguments and asserting the family court's order was clearly erroneous and/or constituted an abuse of discretion. The circuit court granted petitioner a hearing on his appeal, which was held on May 4, 2011. Each party appeared in person and by counsel. After hearing arguments of counsel, the circuit court indicated that it was upholding the DVPO and directed respondent's counsel to prepare an order.[7] In its order denying petitioner's appeal, the circuit court made the following findings:

> 1. The Family Court did not violate [petitioner]'s Constitutional Rights.
>
> 2. The Family Court was not clearly erroneous in its Findings of Fact.
>
> 3. The Family Court did not abuse its discretion in applying the law to the facts.

---

[3] The video recording of the April 12, 2011 hearing has been reviewed. At the hearing, the parties indicated that they would seek a divorce.

[4] The family court set petitioner's temporary child support obligation at $300 per month.

[5] Respondent was awarded temporary possession of the parties' residence.

[6] The family court found that respondent's allegations against petitioner "rise to the level of domestic abuse."

[7] Respondent is no longer represented in the case at bar.

-2-

4. After reviewing the <u>West Virginia Code</u> and the West Virginia Rules of Practice and Procedure for Domestic Violence Civil Proceedings, there was no violation of [petitioner]'s due process rights.

5. The Family Court is not required to appoint legal counsel for a Respondent in a civil domestic violence petition proceeding.

6. [Petitioner] did not request a continuance as required by <u>W.Va. Code</u> §48-27-701.[8] Regarding notice to [petitioner] and service of process, the Magistrate Court and the Family Court complied with <u>W.Va. Code</u> §§ 48-27-402 and 48-27-403.

On appeal, petitioner makes the same arguments as he made before the circuit court but does not state that the DVPO, which by its own terms expired at midnight on July 11, 2011, was renewed until some future date. The docket sheet for the instant case, No. 11-DV-29, does not indicate that the DVPO was renewed. Petitioner does not allege that the DVPO was renewed as part of the separate divorce action.

Even though a case is moot, issues raised upon appeal may still be adjudicated in some instances under the three factor test set forth in Syllabus Point One of *Israel by Israel v. West Virginia Secondary Schools Commission*, 182 W.Va. 454, 388 S.E.2d 480 (1989). Considering the third factor first, the DVPO in the case at bar, like most other DVPO's, was of short duration. Such cases are capable of being repeatedly presented to the lower courts, yet escape review at the appellate level because of their fleeting and determinate nature.

However, the case at bar fails to meet the first two factors set forth in *Israel* for petitioner's appeal to go forward despite the case being moot. First, while petitioner notes that a finding of domestic violence may have collateral consequences that outlast the expiration of a DVPO, the family court adequately addressed the one issue petitioner raised at the April 12, 2011 hearing, which was child visitation. With respondent's agreement, the family court granted petitioner visitation with the parties' children. Unless the family court and respondent changed their positions in subsequent proceedings—petitioner does not allege that they did—that petitioner was to have visitation was not an issue going forward. Second, although this case is understandably important to petitioner, and to respondent as well, it presents no question of great public interest that must be decided for the guidance of the bar and the public. Therefore, after careful

---

[8] The correct citation appears to be West Virginia Code § 48-27-403(g) (". . . The hearing may be continued on motion of the respondent, at the convenience of the court. Otherwise, the hearing may be continued by the court no more than seven days. If a hearing is continued, the family court may modify the emergency protective order as it deems necessary.")

consideration, this Court dismisses as moot petitioner's appeal from the circuit court's order denying his appeal of the expired DVPO.

Dismissed as Moot.

**ISSUED:**   March 8, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II